**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KASHIF M. ROBERTSON,** | : | CIVIL NO. 1:11-CV-00713 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **BRIAN THOMPSON, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Kashif M. Robertson ("Robertson"), an inmate presently confined at the State Correctional Institution at Camp Hill, Pennsylvania, initiated the above action pro se by filing a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254. (Doc. No. 1.) In the petition, Robertson challenges his 2008 convictions in the Court of Common Pleas of Dauphin County, Pennsylvania. For the reasons set forth herein, the petition will be denied.

**I. Background**

    **A. State Court Proceedings**

The relevant background of the circumstances surrounding Robertson's guilty plea and sentencing was summarized by the Pennsylvania Superior Court in its denial of his appeal as follows:

> On December 2, 2008, Appellant entered an open guilty plea to two (2) counts of possession of a controlled substance with intent to deliver ("PWID"), one count of possession of drug paraphernalia, and one count of additional parking regulations (parking in a handicapped zone). Prior to accepting Appellant's plea, the court conducted an on-the-record colloquy to confirm Appellant's plea was knowingly, voluntarily, and intelligently entered. Additionally, Appellant confirmed and signed a written plea colloquy. The court accepted the plea and ordered a pre-sentence investigation ("PSI") report. On March 26, 2009, the court sentenced Appellant to an aggregate term of eighteen (18) to thirty-six (36) months' imprisonment. Appellant did not pursue a direct appeal.

> On July 22, 2009, Appellant filed a pro se [Post Conviction Relief Act] ["PCRA"] petition. On August 10, 2009, the court appointed counsel. On September 3, 2009, Appellant filed a pro se supplemental PCRA petition. On November 4, 2009, counsel filed a motion to withdraw and a "no-merit" letter pursuant to Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). On March 16, 2010, the court permitted counsel to withdraw and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On May 12, 2010, the court dismissed Appellant's petition. On May 20, 2010, Appellant timely filed a notice of appeal. On June 15, 2010, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on July 6, 2010.

(Doc. No. 1 at 17–18; Pa. Super. Op dated 3/15/11.)

> In the appeal to the Superior Court, Robertson raised the following issue for review:
>
> Whether the PCRA Court erred in accepting appointed counsel's "No-Merit" letter that failed to fully comport with the Turner/Finley requirements covering withdrawal of counsel representation in post-conviction proceedings?

(Id. at 19.) Robertson argued that PCRA counsel's "no-merit" letter was non-compliant with the substantive requirements under Turner/Finley because counsel failed to sufficiently explain why Robertson's underlying issues lacked merit. Specifically, he challenged counsel's position that the following issues raised in his PCRA petition and supplemental PCRA petition lacked merit: (1) plea counsel rendered ineffective assistance of counsel by failing to file a motion to suppress physical evidence; and (2) his guilty plea was not knowingly, intelligently and voluntarily entered. (Id. at 20.) Robertson also argued that with respect to his guilty plea, he did not understand the nature of the charges against him and the possible range of sentences. (Id.)

By Memorandum and Order dated March 15, 2011, the Pennsylvania Superior Court found that PCRA counsel substantially complied with the Turner/Finley requirements for seeking to withdraw his representation. (Id. at 23.) The court noted that although Robertson complained in his appeal that both plea counsel and PCRA counsel were ineffective, his brief

"failed to delineate the three-prong test necessary to evaluate PCRA counsel's stewardship" as well as "plea counsel's alleged ineffectiveness under each prong of the test." (Id. at 24.) As a result, the Superior Court declined to reach the merits of Robertson's layered claim of counsel's ineffectiveness. (Id.) As for Robertson's claim that he did not fully understand the charges he was pleading guilty to, the Superior Court found that he waived that claim because he raised it for the first time on appeal. (Id.). The court did note that, in any event, the record undermined any such claim. (Id., n. 3.)

Finally, the Superior Court affirmed the PCRA court's findings that in reviewing PCRA counsel's "no-merit" letter, Robertson's complaints regarding plea counsel and the validity of the guilty plea lacked merit. Following the Superior Court's affirmance of the denial of PCRA relief, Robertson did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania. (Id. at 25, n. 4.)

Robertson timely filed the instant petition for writ of habeas corpus on April 15, 2011. (Doc. No. 1.) Respondents filed a response on February 8, 2012 and Robertson filed a traverse on March 5, 2012. (Doc. Nos. 15, 20.) The petition is thus fully briefed and ripe for disposition.

**II.    Discussion**

In the petition, Robertson raises the following two grounds for relief:

1. Plea counsel was ineffective for failing to file a motion to suppress physical evidence because Petitioner did not give police valid consent to search his vehicle and the stop and investigative detention following the initial foot stop was not supported by reasonable suspicion

2. Conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of charges and consequences of the plea.

(Doc. No. 1 at 6-7.) Respondents contend that Robertson's claims are procedurally defaulted because Robertson failed to properly present each claim to the state courts prior to seeking federal relief. (Doc. No. 20-1 at 9–10.) Respondents further contend in the alternative that Robertson's claims lack merit. (Id. at 11–18.) Because this court finds both claims to be procedurally defaulted, it finds it unnecessary to reach the merits of the instant petition.

    A.    **Standard of Review**

        **i. Exhaustion of State Court Remedies**

Outside certain narrow exceptions, state prisoners are required to exhaust all available state court remedies for their claims prior to submitting those claims for federal habeas corpus review. 28 U.S.C. § 2254(b). In order to fulfill this requirement, federal constitutional claims must be "fairly presented" to the state courts, meaning that the petitioner must present the same factual and legal basis for the claim to the state court to put the court "on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). While a petitioner need not cite "book and verse" of the United States Constitution, Picard v. Connor, 404 U.S. 270, 277 (1971), the petitioner's state court pleadings must present "the legal theory and supporting facts asserted in the federal habeas petition in such a manner that the claims raised in the state courts are 'substantially equivalent' to those asserted in the federal court." Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996). The mere similarity of a claim raised in the state courts with one in a federal habeas petition is insufficient to consider the federal claim exhausted. Picard, 404 U.S. at 276; see also Anderson v. Harless, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."). The petitioner has the burden of

establishing that the exhaustion requirement has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1999); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

### ii. Procedural Default

If a petitioner presents unexhausted habeas claims to a federal court but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749; Lines, 208 F.3d at 160. Similarly, if a claim was presented to the state courts but the state courts declined to review the merits of the claim for failure to meet state procedural requirements, the claim is considered procedurally defaulted. Coleman, 501 U.S. at 732.

A federal habeas court cannot review the merits of defaulted claims unless the petitioner demonstrates that either: (1) there is "cause" for the procedural default and the alleged violation of federal law resulted in "actual prejudice"; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice." See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750; Caswell v. Ryan, 953 F.2d 853, 857, 861-62 (3d Cir. 1992). To satisfy the first exception, a petitioner must show: (1) cause for his failure to raise his claim in state court; and (2) prejudice to his case as a result of that failure. Coleman, 501 U.S. at 750. To demonstrate "cause" for a procedural default, the petitioner must show that something "external" to the defense impeded the petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). Once "cause" has been successfully demonstrated, a petitioner must then prove "prejudice." "Prejudice" must be something that

"worked to [the petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, a federal court may excuse a procedural default when the petitioner establishes that failure to review the claim will result in a fundamental miscarriage of justice. See Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000). A credible allegation of "actual innocence" constitutes a "miscarriage of justice" that enables a federal court to hear the merits of otherwise procedurally defaulted habeas claims. Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004). The fundamental miscarriage of justice exception, as defined by the United States Supreme Court, is confined to cases of actual innocence as compared to legal innocence, where the petitioner can show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995). "To be credible," a claim of actual innocence must be based on reliable evidence not presented at trial. Id. at 324.

### B.   Analysis

In the instant petition, none of Robertson's claims were properly exhausted in the state courts and are thus now procedurally defaulted. This court will examine each of Robertson's two claims separately.

#### i. Ineffective Assistance of Counsel

Robertson contends that his plea counsel was ineffective for failing to file a motion to suppress physical evidence on the grounds that he did not give police valid consent to search his vehicle and that the stop and investigative detention following the initial foot stop was not supported by reasonable evidence. (Doc. No. 1 at 5–6.) As a result of the illegal search of his

vehicle, Robertson claims the officers seized contraband. (Id.) Robertson claims that he at no time made any incriminating statements or gave the officers consent to search his vehicle. (Id.) He contends that counsel was ineffective in failing to file a motion to seize the evidence confiscated. (Id.)

Respondents argue that Robertson's ineffective assistance of counsel claim is procedurally defaulted. (Doc. No. 20-1 at 9–10.) According to Respondents, Robertson defaulted on this claim because he did not adequately brief it in his appeal to the Superior Court. (Id.) Robertson avers in response that the Superior Court was nonetheless "on notice" that he was asserting a claim of ineffective assistance of counsel. (Doc. No. 21 at 2.)

Under the "independent and adequate state ground" doctrine, federal habeas review cannot extend to claims that the state court declined to review due to the petitioner's failure to comply with state procedural rules. Coleman v. Thompson, 501 U.S. 722, 750 (1991). This doctrine, founded on principles of federalism and comity, prevents federal courts from reviewing a question of federal law in a matter decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Id. at 729. Thus, even if Robertson is correct that he exhausted his claim by pleading it sufficiently to place the Superior Court "on notice" that he was raising such a claim, this court must consider the claim procedurally defaulted if it the Superior Court denied relief pursuant to an "independent and adequate" state procedural rule. Id. at 750.

A state procedural rule is "independent" if it is "separate from the federal issue" and is "adequate" if it was "firmly established and regularly followed" at the time it was applied by the state court. Leake v. Dillman, ___ Fed. App'x ___, ___, 2014 WL 6844820 at *2 (3d Cir. 2014)

(quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)).  The U.S. Court of Appeals for the Third Circuit has clarified that these conditions are met when: (1) the rule invoked by the state courts "speaks in unmistakable terms," (2) "all state appellate courts refused to review the petitioner's claim on the merits," and (3) "their refusal was consistent with other decisions."  Nara v. Frank, 488 F.3d 187 (2007).

The Superior Court declined to reach the merits of Robertson's claim of ineffective assistance of his plea counsel because Robertson's brief did not develop this claim under the three-pronged test first set forth in Commonwealth v. Pierce, 515 Pa. 152 (Pa. 1987).  (Doc. No. 20-5 at 14.)[1]  The Pennsylvania Supreme Court has unambiguously stated that a petitioner must develop his argument under the Pierce test in order to properly raise an ineffective assistance of counsel claim through a PCRA petition.  Commonwealth v. McGill, 574 Pa. 574, 586–87 (Pa. 2003).  This rule is a natural implication of Pennsylvania's rule that "undeveloped claims are waived and unreviewable on appeal."  Commonwealth v. Clayton, 572 Pa. 395, 402 (Pa. 2002); see also Pa. R.A.P. 2119(a).  As the Third Circuit recently observed, dismissal for failure to properly develop a claim is an independent and adequate state ground barring federal habeas review.  Leake, ___ Fed. App'x at ___, * 2.  Moreover, it is outside the scope of habeas review to determine whether state procedural rules were properly applied by the state courts.  Id. (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

---

[1] Robertson avers that the Superior Court actually did reach the merits of his ineffective assistance of counsel claim. (Doc. No. 21 at 2.)  This court finds such a reading unsupportable. Robertson points to the Superior Court's statement that the "record supports the [PCRA] court's decision to deny PCRA relief on the grounds alleged" as evidence that it reached the merits of his claims. (Doc. No. 20-5 at 15.)  However, this ambiguous statement is insufficient to override the Superior Court's unambiguous and explicit statement that it declined to reach the merits of Robertson's ineffective assistance of counsel claim.  (Id. at 14.) See Coleman 501 U.S. at 744 (refusing to find that the state court reached the merits of a claim where the court's order contained ambiguous statements, but also an explicit statement regarding dismissal on procedural grounds).

Because this claim was dismissed pursuant to an independent and adequate state ground, this court must consider the claim procedurally defaulted.

### ii. Unlawfully Induced Guilty Plea

In the second ground raised in the petition, Robertson claims that his guilty plea was unlawfully induced and not made voluntarily with the understanding of the nature of the charges and the consequences of the plea. (Doc. No. 1 at 7.) At Robertson's plea colloquy, the prosecutor described Robertson's charges as "possession with intent to deliver a controlled substance, two counts of possession of drug paraphernalia, [and a] summary violation of, I guess, illegal parking." (Doc. No. 20-2 at 16.) Robertson contends that he believed, based on this statement, that he would be pleading guilty to only one count of PWID. (Doc. No. 1 at 8.) He also asserts that the trial court should have inquired further into whether he was knowingly entering a guilty plea when, after the trial court asked him whether he understood the charges brought against him, he replied "Somewhat, yeah. Yes." (Doc. No. 1 at 9; Doc. No. 20-2 at 16.)

Respondents counter that Robertson did not properly exhaust this claim and thus it is now procedurally defaulted.[2] (Doc. No. 20 at 8.) Respondents further contend that this claim is without merit, as the plea agreement signed by Robertson "plainly stated the possible range of punishments for the crimes, as well as clear statements that [he] knew, understood, and voluntarily entered into the plea agreement." (Doc. No. 20-1 at 18.) Robertson asserts that he properly raised this claim at each stage in the state court proceedings. (Doc. No. 21 at 3.)

---

[2] Respondents specifically argue that this claim is unexhausted because Robertson failed to include it in his brief to the Superior Court. (Doc. No. 21 at 10–11.) Since the Superior Court appears to have nonetheless entertained this as a separate ground for relief (Doc. No. 20-5 at 14), this court will not inquire into whether Robertson fairly presented this claim on appeal, but will instead address the Superior Court's reasoning for finding that Robertson waived the claim.

The Superior Court found this claim to be waived because Robertson failed to include it in his PCRA petition. (Doc. No. 20-5 at 14.) In Robertson's PCRA Petition, he checked a box indicating that he was incarcerated pursuant to a "plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." (Doc. No. 20-3 at 3.) Later in the petition, he clarifies that the guilty plea was unlawfully induced because his counsel indicated that he would only receive a sentence of probation. (Id. at 4.) At no point in the petition did Robertson mention that he believed he was only pleading guilty to one count of PWID.

Robertson argues that he properly raised this claim before the PCRA court by including it in his "supplemental PCRA petition" and in two separate "objections" to his counsel's motion to withdraw. (Doc. No. 21 at 3.) However, Robertson's supplemental petition was filed after counsel had been appointed for him in the PCRA proceeding. (*See* Doc. No. 20-2 at 7–8.) Because Pennsylvania does not allow for "hybrid representation," Robertson's supplemental petition was accepted for filing merely for record-keeping purposes, and did not have any legal effect. See Pa. R. Crim. P. 576(A)(4) (providing that any document submitted by a counseled defendant shall be accepted for filing); see also Commonwealth v. Pursell, 555 Pa. 233, 251 (Pa. 1993) (holding that PCRA petitioners proceeding with counsel may not "confuse and overburden the court" with pro se filings). While this rule against hybrid representation may not extend to precluding Robertson from filing motions in opposition to his counsel's motion to withdraw, such motions may not be used to raise new grounds for relief in a PCRA proceeding unless the petitioner is granted leave to amend the original petition. See Commonwealth v. Porter, 613 Pa. 510, 523–524 (Pa. 2012) ( "[A]mendment [of a PCRA petition] is permitted only by direction or

10

leave of the PCRA court.")

This court notes that the PCRA court referred to Robertson's supplemental petition in its opinion granting PCRA counsel's motion to withdraw. (Doc. No. 20-3 at 26–27). However, the court made no mention of the new argument contained in it when it examined Robertson's claim of an unlawfully induced guilty plea. Rather, the court focused on the fact that Robertson had signed the guilty plea colloquy, which stated that he "knew, understood, and voluntarily entered into the plea agreement," and concluded that a review of the transcripts revealed no evidence to support his contention that he had been promised a probationary sentence (the argument contained in Robertson's original PCRA petition). (Id. at 32.) At no point does the PCRA court mention Robertson's argument that he was led to believe he was pleading guilty to only one count of PWID. This court therefore concludes that the PCRA court did not implicitly accept Robertson's motions as amendments to his PCRA petition.

Robertson alternatively argues that the Pennsylvania Rules of Criminal Procedure do not make it clear that a PCRA petitioner is precluded from raising this issue for the first time on appeal, and that the rule against raising a new claim for the first time on appeal is thus not "firmly established" and cannot preclude federal review of his claim. (Doc. No. 21 at 3.) However, the Pennsylvania Rules of Criminal Procedure explicitly state that "[f]ailure to state [a ground for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa. R. Crim. P. 902(B); see also, e.g., Thomas v. Secretary, Pennsylvania Dept. of Corrections, 495 Fed. App'x 200, 205 (3d Cir. 2012) ("Pennsylvania procedural rules make clear that arguments not explicitly raised in the PCRA petition are waived.").

Thus, as Robertson's second ground for relief was ultimately dismissed by the state courts for failure to follow state procedural rules, this court concludes that this claim is also procedurally defaulted.[3]

### III.    Conclusion

Since Robertson has neither pleaded nor shown either 1) cause and prejudice or 2) a fundamental miscarriage of justice to excuse the procedural default of his claims, the court must consider his claims to be procedurally defaulted, and will thus deny the petition for writ of habeas corpus.

The court must now determine whether a certificate of appealability should issue.  A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, the court denies a certificate of appealability because jurists of reason would not find it debatable that Robertson's petition must be denied due to the procedural default of his claims.

An appropriate order will issue.

---

[3] It should be noted that, even if it were not procedurally defaulted, this claim would inevitably fail on the merits. While the prosecutor's statements at the start of the plea colloquy were ambiguous, the trial court explicitly delineated the separate counts of PWID Robertson was charged with before asking Robertson how he wished to plead. (Doc. No. 20-2 at 18.)